Victor Ivan ESCUDERO–SATO;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70902.
Agency Nos. A72–141–042, A72–141–043.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided April 23, 2004.

Charles E. Nichol, Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, John D. Williams, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM**

Victor Ivan Escudero–Sato and his wife Rosa Victoria Balta de Escudero, natives and citizens of Peru, petition for review of a Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1105a. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence, *Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000), and we grant the petition for review.

The Petitioners' contention that the BIA's streamlining procedures violate due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

The IJ's decision denying the Petitioners' application for asylum and withholding of deportation is not supported by substantial evidence because Escudero established

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

past persecution through his credible testimony indicating that he was physically attacked on two occasions due to his political activities in Peru. *See Navas,* 217 F.3d at 656 & n. 9. Because the Petitioners have established past persecution, they are entitled to a rebuttable presumption that they will suffer future persecution if returned to Peru. *See id.* at 657.

Accordingly, we remand for further consideration of whether the Petitioners are otherwise eligible for relief. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.